**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

CHRISTOPHER E. WASHINGTON,     )
                                   )
                 Plaintiff,      )
                                   )
        vs.                   )     Case No. 1:14-cv-780-JMS-TAB
                                   )
CORIZON CORPORATION, et al.,     )
                                   )
         Defendants.    )
                                   )

**Entry Discussing Second Amended Complaint and Directing Further Proceedings**

In the Entry of August 14, 2014, the Court dismissed plaintiff Christopher Washington's amended complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. Washington was directed to file a second amended complaint and has done so. The second amended complaint [dkt 30] is now subject to the screening requirement. Based on this screening, certain claims must be dismissed. The remaining claims have been improperly joined in this action and the plaintiff will be directed to notify the Court which of those improperly joined claims he wishes to pursue.

**I. Screening of the Second Amended Complaint**

In the second amended complaint, Washington alleges that the defendants violated Indiana Code § 35-31.5-2-210 by committing abandonment of a physician and prison institution. The Court discerns no cause of action as identified by Washington, but construing the complaint liberally, as the Court is required to do, see *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008), the Court finds that Washington has alleged claims pursuant to 42 U.S.C. ' 1983. The Court will therefore consider Washington's allegations in that light. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3

(1979)). "[T]he first step in any ['1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

First, Washington's claims against defendants Corizon Corporation and GEO Corporation must be **dismissed** because these defendants are private corporations. Private corporations are not vicariously liable under 42 U.S.C. ' 1983 for their employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). This element of a viable claim is absent as to the claims against Corizon and GEO.

Next, Washington's claim that Case Manager McDaniels "wrote him up for refusing to go to recreation" and his claim that Officer Dick wrongly accused him of assault on a staff member must be dismissed. Washington is alleging that these defendants took improper disciplinary action against him. But when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim. *See Edwards v. Balisok,* 520 U.S. 641 (1997). For this reason, Washington's claims against Case Manager McDaniels are **dismissed**.

Finally, Washington's claim that he asked Officer Dick to contact medical personnel to give him Band-Aids and ointment for his open wound but Officer Dick responded that no one was working and that she would not help him must be **dismissed**. This claim is broadly construed as a claim that Officer Dick exhibited deliberate indifference to Washington's serious medical needs in violation of the Eighth Amendment. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). First, Washington has not

alleged that he complained to Officer Dick about a serious medical condition such as could satisfy the objective element of an Eighth Amendment claim. *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999)(explaining that a serious medical need is one that has been diagnosed by a physician as needing treatment or one for which even a layperson would recognize the need for a doctor's care). In addition, there is not even the hint of deliberate indifference sufficient to raise Washington's right to relief above the speculative level. *See Board v. Farnham,* 394 F.3d 469, 478 7th Cir. 2005)("[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.")(quotation marks and citation omitted). At most, Washington alleges that Officer Dick refused to assist him in obtaining Band-Aids and ointment. This is insufficient to rise to the level of deliberate indifference. All claims against Officer Dick, therefore are **dismissed**.

## II. Improperly Joined Claims

With respect to the remaining claims, the complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. That is, "unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

After dismissing non-viable claims, the Court discerns the following claims:

· Nurse Theresa Robertson exhibited deliberate indifference to Washington's need for

treatment for the pain he suffered after he slipped and fell on February 21, 2014;

· Dr. Benjamin Loveridge was deliberately indifferent to Washington's serious medical needs by (1) refusing to correct or change his medication or consider prescribing him with the same medications that he was receiving before entering prison when the medications prescribed were not helping with his conditions; and (2) failing to order a new sleeve for his prosthetic leg, causing him to suffer open wounds on his leg and to fall; and

· Officers McCoy and Bauman used excessive force against Washington when they slammed him against a wall.

Each of these claims is separate and distinct and must be brought in a separate lawsuit.

### III. Further Proceedings

As stated above, Washington has failed to state a claim for relief with respect to several of the claims in his complaint. As for the remaining claims, those claims must be brought in separate lawsuits. To facilitate the severance of Washington's claims, Washington shall have **through October 20, 2014**, in which to **notify** the Court of the following: (1) whether he believes he has asserted any claim in his second amended complaint which has not been discussed in this Entry; (2) which of the claims identified in Part II of this Entry he wishes to proceed in this action; and (3) whether he wishes the remaining claims to be severed into new lawsuits. Washington is reminded that if he wishes for the remaining claims to go forward in separate lawsuits, each lawsuit will be subject to a separate filing fee and the screening requirement of 28 U.S.C. § 1915A(b).

If Washington fails to properly respond to this Entry, the claim against Nurse Theresa Robertson shall proceed and the claims against Dr. Loveridge and Officers McCoy and Bauman shall be dismissed without prejudice.

**IT IS SO ORDERED.**


Date:  September 29, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher E. Washington
161505
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362