UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14-cv-780-JMS-TAB |
| BENJAMIN LOVERIDGE, M.D., | ) |
| Defendant. | ) |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Christopher Washington, a former inmate at the New Castle Correctional Facility ("New Castle") alleging that defendant Dr. Benjamin Loveridge exhibited deliberate indifference to his serious medical needs. Arguing that Mr. Washington failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, Dr. Loveridge moves for summary judgment. Mr. Washington has responded through the filing of a "Notarized Grievance Statement."

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The Court views the facts

in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Mr. Washington has responded to the motion for summary judgment, but has not filed the *Statement of Material Facts in Dispute* required by Local Rule 56–1(b). Mr. Washington's failure to properly oppose the motion for summary judgment with a statement of material facts in dispute supported by admissible evidence has a particular consequence, which is that he has admitted the truth of the defendant's statement of material facts for purposes of the motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir.2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir.1994). This does not alter the standard for assessing a Rule 56 motion, for the record must support summary judgment as a matter of law irrespective of whether the non-moving party has filed an opposing memorandum, *see, e.g., Van de Sande v. Van de Sande,* 2008 WL 239150 (N.D.Ill.2008), but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir.1997).

**Discussion**

A. *Undisputed Facts*

At all times relevant to the claims in this lawsuit, Mr. Washington was incarcerated at New Castle. As an inmate incarcerated with the Indiana Department of Correction, the Offender Grievance Process was available to Mr. Washington. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. All inmates are made aware of the Offender Grievance

Process during orientation and a copy of the Process is available in various locations within the prisons, including the law library.

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally with officials at the facility. The informal resolution step is interactive, and requires the inmate to communicate with prison staff through open and courteous discussion before turning to the grievance process. If an inmate is unable to resolve his complaint informally, he may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility or staff designated to accept grievances for his housing unit. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit a Level II Grievance Appeal. The Offender Grievance Process is not complete until the inmate receives a response to his appeal.

There is no record of any Level I grievance filed by Mr. Washington during the time relevant to the claims in this case. Mr. Washington asserts through his Notarized Grievance Statement that he filed a grievance against Dr. Loveridge on or about April 15, 2014. In support of this assertion, Mr. Washington attaches two informal grievance forms purportedly submitted in April and May of 2014, related to the care he received at New Castle.

B. *Exhaustion*

Dr. Loveridge argues that Mr. Washington failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing

some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809.

It is undisputed that Mr. Washington filed no Level I Grievance related to the claims in this lawsuit. Even considering Mr. Washington's response to the motion for summary judgment would not require a different outcome. The only grievances he presents in support of his response to the motion for summary judgment are informal grievances. He provides no evidence or argument that he submitted any Level I Grievance or any Grievance Appeal. Because Mr. Washington filed no Level I Grievance as required by the Offender Grievance Process, he has failed to exhaust his available administrative remedies.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Washington's action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

**Conclusion**

Dr. Loveridge's motion for summary judgment [dkt 65] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____04/01/2015_____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher E. Washington
Chapel Oaks Apartment
806 Oaklawn Ct.
Fort Wayne, IN 46803

All electronically registered counsel